Paul Shakespear, Esq.
Nevada Bar No. 10752
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Email: pshakespear@swlaw.com

Paul Bond, Esq. (*pro hac vice* forthcoming)
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (212) 252-9535
Email: paul.bond@hklaw.com

*Attorneys for Defendant Comcast Cable Communications Management, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jacob Woloshin and Ariella Shor, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Comcast Cable Communications Management, LLC,<br><br>Defendant. | Case No.: 2:24-cv-176<br><br>**Petition for Removal** |

TO: **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Under 28 U.S.C. §§ 1332, 1441, and 1446, defendant Comcast Cable Communications Management, LLC, removes this action, *Jacob Woloshin, et al. v. Comcast Cable Communications Management, LLC*, No. A-23-883894-C, originally filed in the Eighth Judicial District Court for Clark County, Nevada, where it is now pending, to the United States District Court for the District of Nevada. Removal is warranted because this Court has diversity jurisdiction over Plaintiffs' claims under the Class Action Fairness Act ("CAFA") because Plaintiffs' alleged putative class is more than 100 people, the parties are sufficiently diverse, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

I.   **Compliance with Statutory Requirements**

   A.   **Summary of Pleadings**

Plaintiffs Jacob Woloshin and Ariella Shor filed their complaint in the Eighth Judicial District Court on December 20, 2023, **Exhibit A** (complaint), which they served on Defendant on December 28, 2023. **Exhibit B** (affidavit of service). Plaintiffs filed an affidavit of service on January 5, 2024. Ex. B. No other pleadings have been filed.

   B.   **Nature of Complaint**

On December 20, 2023, Plaintiffs on behalf of themselves and others purported to be similarly situated, filed a Complaint in the Eighth District Court for Clark County, Nevada, alleging that Defendant committed tort violations when it suffered a data security incident that Plaintiffs allege affected their personal information. Plaintiffs bring claims for (1) negligence; (2) invasion of privacy; (3) breach of contract; and (4) breach of implied contract. They seek to certify a class of all individuals in the United States whose personally identifiable information ("PII") was compromised in the data security incident that affected Defendant. Ex. A at ¶ 41.

Based on the asserted claims and allegations, Plaintiffs seek individually and on behalf of their putative class: actual damages, injunctive relief, punitive damages, interest, costs, and attorneys' fees, and additional, unspecified relief. Ex. A at 17–18 (prayer for relief). Plaintiffs do not specify the total amount of damages they claim individually or on behalf of their putative class as a whole, but do allege that the putative class is "comprised of millions of persons." Ex. A at ¶ 43. Alleged "expenses for credit monitoring and identity theft insurance" is among the items of actual damage for which Plaintiffs specifically demand compensation. Ex. A at 17. Plaintiffs also demand injunctive relief including "(i) adequate credit monitoring [and] adequate identity theft insurance." *Id.*

   C.   **Timeliness of removal**

A notice of removal must be filed within thirty days after the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b)(1). Plaintiffs served Defendant on December 28, 2023, making Defendant's removal

deadline January 27, 2024. This Notice of Removal is timely as it has been filed within thirty days of service of the initial Complaint. 28 U.S.C. § 1446(b).

## II.     Statement of Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Removal of this action is authorized by CAFA, which establishes federal diversity jurisdiction over class actions in which: (1) the putative class likely consists of at least 100 proposed members; (2) the citizenship of at least one putative class member is different from the sole defendant, and (3) the aggregate amount in controversy for the putative class members exceeds $5,000,000, exclusive of interest and costs. *See, e.g.*, 28 U.S.C. § 1332(d). Removal of Plaintiffs' action is appropriate under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453. As demonstrated below, Plaintiffs' putative class action meets these requirements.

### A.     Plaintiffs Allege a Putative Class Action

As evidenced by the Complaint, Plaintiffs seek to certify a class made up of United States individuals whose PII was compromised in the cyberattack on Defendant. Although Defendant denies that Plaintiffs' putative class is certifiable under Federal Rule of Civil Procedure 23 and expressly reserves its right to oppose any motion for class certification, it is beyond dispute that Plaintiffs assert claims on behalf of a class of consumers, satisfying the first element.

### B.     CAFA Numerosity is Satisfied

Assuming the allegations against Defendant are true (which Defendant denies), it is reasonably probable that Plaintiffs' putative class consists of more than 100 members as required under 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' Complaint asserts that their putative class will total "millions of persons." *See* Ex. A at ¶¶ 1, 43.

### C.     Diversity of Citizenship Exists

Plaintiffs are alleged to be residents of Clark County, Nevada and domiciled in Nevada. *See* Ex. A at ¶¶ 11, 14. Defendant, on the other hand, is a Delaware limited liability company with a principal place of business in Philadelphia, Pennsylvania. *See* Declaration of Debbie Carlos,

1    attached hereto as **Exhibit C**. For the purposes of diversity jurisdiction under CAFA, a limited
2    liability company's citizenship is determined by its principal place of business and state of
3    registration. *See* 28 U.S.C. § 1332(d)(10) ("[A]n unincorporated association shall be deemed to be
4    a citizen of the State where it has its principal place of business and the State under whose laws it
5    is organized."); *Azevedo v. Krystle Towers, LLC*, No. CV-S-05-0493-JCM-PAL, 2005 WL
6    8162182, at *4 (D. Nev. Nov. 28, 2005). Accordingly, Defendant is a citizen of Pennsylvania and
7    Delaware for removal purposes under CAFA. Complete diversity exists between Plaintiffs and
8    Defendant.

          **D.**       **The Amount in Controversy Exceeds $5,000,000**

10   It is reasonably probable that the amount in controversy in this action exceeds $5,000,000,
11   exclusive of interest and costs. Under 28 U.S.C. § 1332(d)(6), as amended by CAFA, the amount
12   in controversy in a putative class action is determined by aggregating the amount at issue in the
13   claims of all members of the putative class. That "amount" can include statutory, compensatory,
14   consequential, and punitive damages, attorneys' fees, and any equitable relief. *See Fritsch v. Swift
15   Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *cf. Guglielmino v. McKee Foods
16   Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). If successful, Plaintiffs' class damages are reasonably
17   likely to exceed $5,000,000.

18   Plaintiffs seek to certify a class of all U.S. individuals whose PII was compromised in the
19   cyberattack, which according to the Complaint totals "millions of individuals." Ex. A at ¶ 1.
20   Plaintiffs seek damages, which include "adequate credit monitoring [and] adequate identity theft
21   insurance." Ex. A at ¶ 17. The price of credit monitoring services ranges from $10 to $30 per
22   month, with a typical term of three years or longer. *See, e.g.*, *Porras v. Sprouts Farmers Mkt., LLC*,
23   EDCV161005JGBKKX, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (finding the cost of
24   three years of credit monitoring services at $15.95 per month for each class member to be a
25   reasonable estimate of damages for the purposes of the amount in controversy requirement under
26   CAFA); *In re Equifax Inc. Customer Data Security Breach Litig.*, No. 1:17-md-2800-TWT, 2020
27   WL 256132, at *2 (N.D. Ga. Mar. 17, 2020) (citing a rate of $24.99 per month for credit monitoring
28   services    to    be    provided    to    class    members); *see    also*    TransUnion,

https://www.transunion.com/credit-monitoring (citing monthly rate for credit monitoring as $29.95 per month); Experian, https://www.experian.com/consumer-products/compare-identity-theft-products.html (citing monthly rate of $24.99 per month); Equifax, Inc., https://www.equifax.com/personal/products/credit/monitoring-and-reports/ (citing monthly rate of $24.95 per month). For three years of credit monitoring services at $15.95 per month, the damages award for a class of two million individuals easily exceeds $5,000,000. Thus, the total amount in controversy in this case easily exceeds $5 million. Again, Defendant denies that Plaintiffs will actually recover any of this, but Plaintiffs have put it in controversy.

### III.    Conclusion

This action is properly removed to this Court because Defendant timely filed its petition for removal that shows that this Court has jurisdiction over the action. In filing this petition, Defendant does not waive, and specifically reserves all defenses, exceptions, rights, and motions to the complaint. No statement or omission shall be deemed to constitute an admission by Defendant or any of the allegations or damages sought in the complaint.

DATED:  January 25, 2024.

SNELL & WILMER L.L.P.

By:     */s /Paul Shakespear*
Paul Shakespear, Esq.
Nevada Bar No. 120752
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
pshakespear@swlaw.com

Paul Bond, Esq. (*pro hac vice* forthcoming)
Holland & Knight LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: (212) 252-9535
paul.bond@hklaw.com

*Attorneys for Defendant Comcast Cable Communications Management, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2024, I electronically filed the foregoing **Petition for Removal** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED January 25, 2024.

              */s/ Debbie Shuta*
             An Employee of Snell & Wilmer L.L.P.

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Complaint |
| B. | Affidavit of Service |
| C. | Declaration of Debbie Carlos |